IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Preston Scott Douglas, individually and on behalf of all similarly situated, | § § | |
| *Plaintiff*, | § | |
| v. | § § | |
| BCFS Health and Human Services d/b/a Baptist Child & Family Services, Baptist Care Facilities for Persons with Mental Disabilities, Inc. d/b/a Baptist Care Facilities, and Breckenridge Village of Tyler d/b/a BVT, | § § § § § § § | Civil Action No. 2:16-cv-1010  Jury Demand |
| *Defendants*. | § § § § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Preston Scott Douglas, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay overtime pay for the actual hours its Direct House Parents and Relief House Parents (collectively, "employees," "Class Members," or "Potential Plaintiffs") were working in excess of 40 hours each week by failing to compensate the employees for all of the hours the employees actually worked, including those worked in excess of 40 hours during each work week (overtime hours), and not paying the employees at lawful overtime rates as required by the FLSA. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Preston Scott Douglas ("Plaintiff") is an individual who resides in Texas and was employed by Defendants within the meaning of the FLSA. He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4. The Plaintiff and "Class Members" are Defendants' current and former employees who were employed as "House Managers," "House Parents," "Relief House Parents," "Relief House Managers" (or some other title but who performed similar duties) that were not properly paid for the overtime hours they actually worked.

5. Defendant BCFS Health and Human Services, which does business as "Baptist Child & Family Services," is a Texas non-profit corporation that may be served via its registered agent of service Kevin C. Dinnin, 1506 Bexar Crossing, San Antonio, Texas 78232 or wherever he may be found.

6. Defendant Baptist Care Facilities for Persons with Mental Disabilities, Inc., which does business as "Baptist Care Facilities," is a Texas non-profit corporation that may be served via its registered agent of service Kevin C. Dinnin, 1506 Bexar Crossing, San Antonio, Texas 78232 or wherever he may be found.

7. Defendant Breckenridge Village of Tyler., which does business as "BVT," is a Texas non-profit that may be served via its registered agent of service Kevin C. Dinnin, 1506 Bexar Crossing, San Antonio, Texas 78232 or wherever he may be found.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

9. Venue is proper in the Eastern District of Texas because the events forming the basis of this suit occurred in this district, one or more of the parties resides in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

## IV. COVERAGE FACTS

10. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants were an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

15. Defendants provide supervised environments for persons with intellectual disabilities in East Texas and in this District, engage in interstate commerce, and do more than $500,000.00 in business each year.

16. Plaintiff has been employed or jointly employed by Defendants during the three years prior to the filing of this lawsuit and since approximately February 2015.

17. Plaintiff has operated under different titles including as a "Relief House Manager;" however, his primary task has always been to provide day-to-day assistance to Defendants' clients and residents. In this capacity, Plaintiff is typically required to train, assist and supervise Defendants' residents with functional skills. Plaintiff is not primarily employed to provide care, companionship or protection to Defendants' clients. Plaintiff does not primarily work out of Defendants' clients' private residences.

18. Rather, Plaintiff was and is required to report to Defendants' offices and residential facilities Monday-Friday and work his scheduled shift, which typically consisted of at least 40 hours of scheduled work during the workweek. During this time, Plaintiff was also regularly required to work off-the-clock. Plaintiff's supervisors would pressure he and the other Potential Plaintiffs to work off the clock but not permit these workers to record the actual number hours worked. Plaintiff was also required to attend additional, required, and uncompensated trainings and meetings by and for Defendants.

19. On the weekends, after Plaintiff had already worked in excess of a 40-hour workweek, Plaintiff was required to work additional time. For example, he has been required to report to

work on Friday at 4:00 p.m. and to work 48-hours until Sunday at 4:00 p.m. For this, he was not paid an hourly wage. While Defendants did ostensibly provide some type of workroom for him to sleep in at night, his sleep was not continuous and was interrupted to deal with resident issues. He was not able to sleep for at least five or more continuous hours. Thus, Defendants are not entitled to reduce the pay that they owe Plaintiff due to sleep. Moreover, he had no agreement with Defendants to exclude from his hours worked bona fide regularly-scheduled sleeping periods. Defendants should have paid Plaintiff for all 48 hours he worked, including at his appropriate and lawful overtime wage, but it did not. Rather, Defendants paid him at a rate of just $6.87 per hour, which is not even the federally mandated minimum wage of $7.25 per hour.

20. Throughout the course of his employment, Plaintiff regularly worked in excess of 40 hours each week. In fact, Plaintiff has regularly been required to work in excess of 88 hours in a single week.

21. Similarly, Plaintiff has at all times been paid as a non-exempt employee and paid primarily on an hourly and/or day rate basis. In Defendants' written materials, it designates Plaintiff as "non-exempt."

22. When Plaintiff was hired, he was not required to have any particular license or educational background. Defendants do not require that prospective or current House Managers or Relief House Managers have any specific type of degree or educational background. All that is required is a high school diploma or GED.

23. In addition to Plaintiff, Defendants' other House Managers have also been required to work additional, excessive time "off-the-clock" and on the weekends, which often resulted from Defendants' common practice of requiring additional weekend work, meeting time, and regular trainings.

24. Regardless of the scheme in place or precise employee, Defendants have failed to properly pay Plaintiff and the Class Members overtime compensation or pay proper regard to the number of hours worked. Plaintiff and the Class Members have also been unlawfully compensated due to Defendants' willful decision to instruct its employees to report hours lower than those actually worked and to pay a daily rate on the weekends as opposed to properly calculating the employees' overtime and time worked. These practices have also required the Plaintiff and the Class Members perform work at rates below the federally-mandated minimum wage.

25. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendants received regular complaints regarding the Class Members' excessive, overtime hours worked and under compensation. Additionally, Defendants regularly scheduled Class Members to perform 40 hours of work in a week; therefore, any additional hours performed over the weekends would have knowingly been overtime hours. Defendants have knowingly, willfully, or with reckless disregard failed to comply with the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff and the Class Members performed the same or similar job duties as one another in that they served Defendants' residents and clients, were designated by Defendants as "House Mangers," "Relief House Managers," or under a distinct title but performed similar duties, and paid on a non-exempt basis. Furthermore, Plaintiff and Class Members were subjected to the same pay provisions in that they were not paid at time-and-one-half their regular rates of pay for hours worked over 40 in a work week. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

27. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek or at rates in excess of the minimum wage as required by the FLSA resulted from a common policy or practice of failing to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA. This failure was due to its common policy or practice that did not permit employees to record more than 40 hours of work in any given workweek, or Defendants deliberately failed to keep track of the number of hours the employees actually worked. There is also a common policy or practice to not pay overtime rates for weekend relief work. Defendants instead elected to use a weekend daily rate that resulted in employees being systematically underpaid under the FLSA. Defendants' policies or practices are/were applicable to Plaintiff and the Class Members and do not depend on the personal circumstances of the Plaintiff or those joining this lawsuit.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed and by failing to guarantee that these employees were paid at least the federally-mandated minimum wage.

## VIII. RELIEF SOUGHT

29. WHEREFORE, cause having been shown, Plaintiff and the Class Members pray for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,
s/ J. Derek Braziel _____
**J. DEREK BRAZIEL**
*Attorney in Charge*
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

Gregory S. Porter
Texas Bar No. 24002785
**PORTER LAW FIRM, P.C.**
3311 Woods Blvd.
Tyler, Texas 75707
(903) 561-5144
(903) 705-6253 Fax
greg@gregporterlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

                                            s/ J. Derek Braziel  
                                            **J. DEREK BRAZIEL**